Pennington, J.
The case is shortly this; an action of debt is brought on a bond, dated in August, 1787. The defendant pleads in bar, the statute of limitations, to which the plaintiff demurs, and the defendant joins in demurrer. The first point taken by the counsel for the plaintiff, is, *330 that the statute of limitations, so far as it respects bonds, is a violation of the Constitution of the United States, as it impairs the obligation of contract. There have been several attempts to narrow the power of State governments, [*] by the restrictions contained in the 10th section of the first article of the Constitution of the United States. I believe, however, that none have gone so far, as to deprive them of the power of passing statutes for the limitation of actions; the act does not meddle with the contract between the plaintiff and defendant, but takes away the action arising on it, unless it is brought within a reasonable time, presuming, that as it hath lain a great length of time unnoticed, that it hath been performed, and the evidence of which, lost by time and accident, and therefore, on the ground of public policy as well as private justice, puts an end to all controversy growing out of it; I am clearly of opinion that the Constitution of the United States was never intended to limit the State governments in questions of policy of this nature. It is however, in the second place, contended by the learned counsel for the plaintiff, that the 6th section of the act limiting actions on bonds, does not retrospect, and therefore, that the case under consideration is not within the act, the bond being dated before the passing of it. The 6th section, so far as it applies to the case of bonds, separate from other matter, reads thus— Every action of debt, upon any obligation, with condition for payment of money only, shall be commenced and sued within sixteen years next after the cause of such action shall have accrued, ancl not after: — here is a general law, embracing in precise language every action upon any obligation for the payment of money; nor is there any thing in any other part of the act thatjeads to a belief, that the Legislature did not intend that the act should embrace, as well bonds made before passing it, as after: we are however told, that the Legislature cannot be supposed to have intended such monstrous injustice, as to destroy a man’s bond in his pocket, without notice, and therefore the Court will be justified in making the strict letter of the act bend to the intention of the Legislature, especially to prevent injustice; and as an authority in point, is cited [*] the case of Gillmore v. Shooter, adjudged in the latter part of the reign of Charles the second, 2 Mod. 310; soon after the statute of frauds and perjuries, where a promise had been made by .parol, in consideration of marriage, before the statute of frauds and perjuries; and between the time of the promise, and the time of the action brought on it, the statute was passed, requiring such promises to be made in writing. *331 The language of the act is, that from and after the 24th June, 1677, no action shall he brought to charge any person upon any agreement made in consideration of marriage, &c. unless such agreement be in writing, &c. The court gave judgment for the plaintiff, and assigned this reason, that it could not be presumed*that the act had a retrospect to take away an action to which the plaintiff was then entitled— The same case is reported, 2 Show, 16: 1 Vent. 330, and other books; I apprehend that the case in controversy does not come within the reason of the case cited. The bond is dated 1787, and the law passed in 1799. — It had lain only 12 years. The plaintiff had four years to bring his action, after full notice of tho law how then can he say that the act destroys a bond in his pocket, when it gives him notice, after letting his bond lay 12 years, that be must bring his action, or be barred thereof in four years more. Had tho bond lain 16 years, and was not barred by any other cause at the time of the passing the act, there would have been some analogy between the cases, in which case, the court would have been called upon to determine whether this was not a case that had escaped the consideration of the Legislature! and whether they would not have been justified in saying, that the Legislature could not have intended to take away a man’s remedy without notice — and in favor of right and to prevent injustice, have departed from the strict letter, in pursuit of the intention of the Legislature: but under the circumstances of this case, [*] 1 am of opinion, that judgment musí be rendered for the defendant j and this is the opinion of the Court. Judgment for the defendant.